The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was 42 years old with a date of birth of 14 June 1951. Plaintiff worked as a carpenter for defendant-employer for several years and left in 1991. Plaintiff returned to work for defendant-employer in February 1992. He worked as a carpenter for eight to ten days, earning $9.00 per hour. On 5 March 1992 plaintiff suffered an admittedly compensable injury to his back while throwing scraps of lumber into his truck. The accident resulted in a low back strain.
2. Plaintiff sought medical attention from the Emergency Room. He was admitted to the hospital from 6 March 1992 to 14 March 1992, during which time he received bed rest and physical therapy. After his hospitalization, plaintiff received treatment from Dr. John Mann, a general practitioner, from whom plaintiff had sought treatment for low back pain in October 1989. In April 1992 plaintiff had not improved, and Dr. Mann referred plaintiff to a chiropractor.
3. For a neurological evaluation, Dr. Mann referred plaintiff to Dr. Robert Allen, a neurosurgeon. The examination was on 22 April 1992; and the results of the examination were within normal limits, with straight leg raising test results being negative. Dr. Allen was of the opinion that plaintiff was not a candidate for surgery because there were no neurological deficits and no radicular features.
4. An MRI was performed on plaintiff's back. At the time of the MRI, there was some desiccation (drying of the discs) at spinal disc L4-5 with some evidence of bulging; but no herniation of the disc.
5. In the summer of 1992 plaintiff participated in a Work-Hardening program. Plaintiff was re-admitted to the hospital on 10 July 1992 to 16 July 1992. After the second admission to the hospital, plaintiff returned to Dr. Mann; and the doctor prescribed medication.
5. On 10 September 1992 plaintiff went for a second opinion evaluation to the Orthopedic Clinic at the University of North Carolina Hospital. The results of the examination were within normal limits, with plaintiff's straight leg raising test results continuing to be negative. Dr. Timothy Sloand (a resident under the supervision of Dr. Donald Bynum) recommended back mechanical education, anti-inflammatory medication, and an active lifestyle.
6. On 12 October 1992 (plaintiff was still receiving temporary total disability compensation) defendant referred plaintiff to Dr. Lee Whitehurst for an independent medical evaluation. At the time of this examination, plaintiff's hands were textured and calloused and had grease stains. In Dr. Whitehurst's opinion, the condition of plaintiff's hands indicated that plaintiff was performing some labor. The results of Dr. Whitehurst's examination were very similar to the examination results at UNC which were conducted one month earlier. In Dr. Whitehurst's opinion some of plaintiff's responses were "nonphysiologic," and plaintiff's responses were not consistent with his reports of pain and limitations. In Dr. Whitehurst's opinion plaintiff retains no permanent partial impairment to his back. Dr. Whitehurst's only restriction on plaintiff's employment was that he would require help from a co-worker when lifting more than 50 to 70 pounds.
7. On 29 October 1992 defendant stopped payment of temporary total disability compensation, and the application (Industrial Commission Form 24) was approved by the Industrial Commission on 13 November 1992.
8. Based on the examination and opinions of Dr. Whitehurst, the undersigned find that plaintiff's testimony was not credible or convincing as to his inability to engage in the same or any other employment at the same wages.
9. From 29 October 1992 and continuing plaintiff has been capable of returning to work at his regular job with defendant, and any inability of plaintiff to be gainfully employed was not caused by the injury to his back of 5 March 1992. Since 29 October 1992 plaintiff has not made a reasonable effort under the circumstances to obtain gainful employment.
10. As a result of the accident of 5 March 1992, plaintiff retains no permanent partial impairment to the use of his back.
11. From 12 October 1992 through 13 July 1993 (the date of the hearing) plaintiff has not required any medical treatment as a result of the accident of 5 March 1992.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. From 20 October 1992 and continuing, plaintiff is not entitled to any temporary total disability compensation as a result of the accident of 5 March 1992. N.C.G.S. § 97-2 (6); Russellv. Lowe's Product Distribution, 108 N.C. App. 762 (1993).
2. As a result of the accident of 5 March 1992, plaintiff is not entitled to any permanent partial disability compensation. N.C.G.S. § 97-31.
3. Plaintiff is entitled to the payment of all medical expenses, incurred or to be incurred, as a result of the accident of 5 March 1992. From 12 October 1992 through 13 July 1993 (the date of the hearing), plaintiff is not entitled to any medical compensation. For any future medical compensation, plaintiff is not entitled to payment for said compensation by defendants until such time as plaintiff produces sufficient, credible, and convincing evidence that any treatment was made necessary as a result of the accident of 5 March 1992. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Plaintiff's claim for temporary total disability compensation must be, and the same is hereby, DENIED.
2. Plaintiff's claim for permanent partial disability compensation must be, the same is hereby, DENIED.
3. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the accident of 5 March 1992. Defendants shall not pay for any medical expenses incurred by plaintiff from 12 October 1992 through 13 July 1993; and for all future medical compensation, defendant shall not pay for said medical treatment until such time as plaintiff produces sufficient, credible and convincing evidence that said medical expenses were incurred as a result of the accident of 5 March 1992.
4. Each side shall pay its own costs, except that defendant shall pay an expert witness fee in the amount of $900.00 to Dr. Whitehurst and $200.00 to Dr. Mann.
This the __________ day of ________________________, 1994.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ CHARLES A. CLAY DEPUTY COMMISSIONER
S/ _________________________ J. HAROLD DAVIS DEPUTY COMMISSIONER
JHB/nwm 09/26/94